**Electronically Filed
Intermediate Court of Appeals
29467
21-JUL-2011
08:42 AM**

NO. 29467

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


CHARLES MITCHELL HART AND LISA MARIE HART,
Plaintiffs-Appellants v. TICOR TITLE INSURANCE
COMPANY, Defendant-Appellee


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CIVIL CASE NO. 1RC08-1-3865)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Fujise and Leonard, JJ.)

Plaintiffs-Appellants Charles Mitchell Hart and Lisa Marie Hart (**Harts**) appeal from the Judgment entered on December 4, 2008, by the District Court of the First Circuit, Honolulu Division, (**District Court**), which finalized, *inter alia*, the District Court's November 13, 2008 Order Denying Plaintiffs' Motion for Partial Summary Judgment Filed 10/21/08 (**Order**).[1] In the Order, the District Court determined that Defendant-Appellee Ticor Title Insurance Company (**Ticor**) did not have a duty to defend the Harts in an underlying Land Court petition.

On appeal, the Harts contend that: (1) the District Court erred in denying the Harts' partial summary judgment motion on the basis that the State's escheat claim was a routine reservation of possible rights and did not trigger

---

[1]    The Honorable Christopher P. McKenzie presided.

coverage under the subject title insurance policy; and (2) the District Court erred in awarding attorney's fees and costs to Ticor.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the Harts' points of error as follows:

(1) "Escheat" is the "[r]eversion of property (esp. real property) to the state upon the death of an owner who has neither a will nor any legal heirs." Black's Law Dictionary 623 (9th ed. 2009). Under Hawai'i law, a claim of escheat may be raised only in accordance with Hawaii Revised Statutes § 665-1 (1993). "In all cases where real property escheats by law to the State, the attorney general shall file an information in the circuit court of the first circuit, setting forth the facts upon which the claim of the State to the escheat is based." Id. Thus, to assert a claim of escheat, the State must file an action in the First Circuit Court setting forth the factual basis for escheat. Here, in a response to the Harts' Land Court petition to consolidate two parcels of land, the State included a *pro forma* reservation of any interest that may have escheated to the State; the State did not bring an action in the Circuit Court. The State set forth no facts in support of a claim of escheat. It made no demand for an escheated interest. The State's reservation of possible rights did not amount to a claim of an escheated interest. Rather, the State merely responded, in answer to the Harts' consolidation request, that it was not waiving, by its response, any claims based on escheat.[2] Accordingly, the District Court did not err in concluding that Ticor had no duty to defend the Harts under the subject title insurance policy.

_____

[2] Later in the consolidation proceeding, the State expressly clarified that it had no escheat claim.

(2)   The Harts argue that if this court vacates the District Court's Judgment, we should also vacate the award of attorney's fees and costs.  They assert no other arguments in favor of overturning the award of attorney's fees.  Given our disposition of the Harts' underlying claim, there is no basis for disturbing the award.

For these reasons, the District Court's December 4, 2008 Judgment is affirmed.

DATED:   Honolulu, Hawai'i, July 21, 2011.

On the Briefs:

Philip J. Leas
Calvert G. Chipchase
(Cades Schutte)
for Plaintiffs-Appellants

Frances P. Hogan
Michael R. Vieira
Connie C. Chow
(Ashford & Wriston)
for Defendant-Appellee

Chief Judge

Associate Judge

Associate Judge

3